UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

NOT FOR PUBLICATION

-------------------------------------------------------------------x

RICARDO BROOKS GAMEZ,

        Plaintiff,

MEMORANDUM AND ORDER

        -against-

11-CV-4678 (JG) (LB)

THE LAPD,

        Defendants.

-------------------------------------------------------------------x
-------------------------------------------------------------------x

RICARDO BROOKS GAMEZ,

        Plaintiff,

        -against-

11-CV-4679 (JG) (LB)

THE STATE OF NEW YORK; CITY OF NEW YORK; ALL "PRIVATE ACTORS"; ALL PERSONS WITHIN OR NOT WITHIN THE GOVERNMENT; CALIFORNIA; UNITED STATESARMY; LOS ANGELES; PENNSYLVANIA; THE STATE OF FLORIDA & CITY OF MIAMI, KNOWN AND UNKNOWN, ET AL,

        Defendants.

-------------------------------------------------------------------x
-------------------------------------------------------------------x

RICARDO BROOKS GAMEZ,

        Plaintiff,

        -against-

11-CV-4681 (JG) (LB)

STATE OF NEW YORK; FLORIDA; PENN; DEPARTMENT OF CORRECTIONS {RIKERS ISLAND} AND COMMANDS; THE MUNICIPALITY OF N.Y.; THE MAYOR; C.O. SAUNDERSON; NYPD; ALL PERSONS KNOWN AND OR UNKNOWN WITHIN GOVERNMENT CAPACITY OR NOT ET AL.,

        Defendants.

-------------------------------------------------------------------x

------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

      Plaintiff,

   -against-            11-CV-5435 (JG) (LB)

STATE OF NEW YORK GAMBLING; MARSHALS
OFFICE OUT OF UNITED STATES DISTRICT
COURT; THE SECRET SERVICE; NYPD
DETECTIVES; NYC DOC AND COMMANDS; M.
HORN; P. CHAUNCEY; STATE OF NY; MAYOR;
CITY OF NY ET AL; WARDEN DAVIS,

      Defendants.
------------------------------------------------------------------x
------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

      Plaintiff,

   -against-            11-CV-5436 (JG) (LB)

COURT ROOM PART 41; THE STATE AND
MUNICIPALITY OF N.Y.; THE NYPD;
D.O.C. AND COMMANDS; THE DIVISION OF
CRIMINAL JUSTICE SERVICES –CHAUNCEY
PARKER; THE FEDERAL AND STATE
DRUG ENFORCEMENT AGENCIES; THE MAYOR;
WARDEN DAVIS; P.O. BRISBAIN; C.O.
SAUNDERSON OF THE MAIN LAW LIBRARY AT
GMDC; POLICE OFFICERS FRANTENGELLO #27111
AND CARLSON (SIC) #6496; All Defendants Held
Accountable in Their Individual Capacities; All Persons
Known and Unknown Within or Not Within
Government Capacity,

      Defendants.
------------------------------------------------------------------x

```
-----------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                        Plaintiff,

        -against-                                    11-CV-5437 (JG) (LB)

STATE OF NY; THE MUNICIPALITY; THE MAYOR;
"MORAL EVIL"; NYC DOC AND COMMANDS; THE
NY STATE RACING & WAGERING BOARD;
KRISTEN BUCKLEY; MARTIN HORN,

                        Defendants.
-----------------------------------------------------------------x
-----------------------------------------------------------------x

RICARDO BROOKS GAMEZ,

                        Plaintiff,

        -against-                                    11-CV-5438 (JG) (LB)

STATE OF NY; CITY OF NY; THE MAYOR;
R. KELLY; NYPD ET AL,

                        Defendants.
-----------------------------------------------------------------x
-----------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                        Plaintiff,

        -against-                                    11-CV-5439 (JG) (LB)

THE STATE AND MUNICIPALITY OF N.Y.;
THE NYPD; D.O.C. AND COMMANDS;
THE DIVISION OF CRIMINAL JUSTICE
SERVICES –CHAUNCEY PARKER; THE FEDERAL
AND STATE DRUG ENFORCEMENT AGENCIES;
THE MAYOR; WARDEN DAVIS; P.O.; All Defendants
Held Accountable in Their Individual Capacities, All
Persons Known and Unknown Within or Not Within
Government Capacity, -White Supremacist Et al,

                        Defendants.
-----------------------------------------------------------------x
```

---------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                          Plaintiff,

            -against-                                  11-CV-6126 (JG) (LB)

COURT ROOM PART 41; THE STATE AND MUNICIPALITY OF N.Y.; THE NYPD; D.O.C. AND COMMANDS; THE DIVISION OF CRIMINAL JUSTICE SERVICES –CHAUNCEY PARKER; THE FEDERAL AND STATEDRUG ENFORCEMENT AGENCIES; THE MAYOR; WARDEN DAVIS; P.O. BRISBAIN; C.O. SAUNDERSON OF THE MAIN LAW LIBRARY AT GMDC; POLICE OFFICERS #27111 AND #6496; THE STATE DEA AT 99 10TH AVE NYC NY 10013; All Defendants Held Accountable in Their Individual Capacities; All Persons Known and Unknown Within or Not Within Government Capacity, -White Supremacist Et al,

                          Defendants.
---------------------------------------------------------------------x
---------------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                          Plaintiff,

            -against-                                  11-CV-6127 (JG) (LB)

THE STATE AND MUNICIPALITY OF N.Y.; THE NYPD; D.O.C. AND COMMANDS; THE DIVISION OF CRIMINAL JUSTICE SERVICES –CHAUNCEY PARKER; THE FEDERAL AND STATE DRUG ENFORCEMENT AGENCIES; THE MAYOR; WARDEN DAVIS; P.O. BRISBAIN; THE BOARD OF CORRECTIONS; MARTIN HORN; THE NEW YORK STATE DEPARTMENT OF LABOR AND THE BUREAU FOR ALCOHOL AND TOBACCO; NY STATE RACING AND WAGERING BOARD 1 BROADWAY; All Defendants Held Accountable In Their Individual Capacities, All Persons Known and Unknown Within or Not Within Government Capacity, -White Supremacist Et al,

                          Defendants.
---------------------------------------------------------------------x

```
-----------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                Plaintiff,

        -against-                                          11-CV-6129 (JG) (LB)

NY et al.,
                Defendants.
-----------------------------------------------------------------x
-----------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                Plaintiff,

        -against-                                          11-CV-6130 (JG) (LB)

NYS PROBATION DEPT; NYS DEA;
NYC DOC; L. BLOOM OF E DIST COURT,

                Defendants.
-----------------------------------------------------------------x
-----------------------------------------------------------------x
RICARDO BROOKS GAMEZ,

                Plaintiff,

        -against-                                          11-CV-6131 (JG) (LB)

LAVAL SAUNDERSON; NYC DOC AND
COMMANDS AT 1515 HAZEN E. ELMHURST N.Y.
11371; WARDEN ALEXANDER DAVIS; THE STATE
OF NY; THE MUNICIPALITY OF NY; MARTIN
HORN ET AL,

                Defendants.
-----------------------------------------------------------------x
```

---------------------------------------------------------------------x

RICARDO BROOKS GAMEZ,

               Plaintiff,

        -against-                                           11-CV-6134 (JG) (LB)

THE NEW YORK PROBATION OFFICE;
MS. STOVALL; MS. TRILLO; MS. BRISBANE;
LOCATED AT 346 BROADWAY NYC 10013; THE
STATE OF N.Y.; THE NYPD; and ALL TERRORISTS
KNOWN OR UNKNOWN, ET AL.,

               Defendants.
---------------------------------------------------------------------x

JOHN GLEESON, United States District Judge:

        On various dates between September 13, 2011, and December 9, 2011, plaintiff Ricardo Brooks Gamez filed these 14 *pro se* actions pursuant to 42 U.S.C. § 1983. In each action, Gamez has moved for leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. The Court grants Gamez's requests to proceed *in forma pauperis*, and consolidates these actions solely for the purpose of this Order.[1] For the reasons discussed below, Gamez's complaints are dismissed.

---

[1] The 14 actions consolidated for purposes of this Order are: *Gamez v. LAPD*, No. 11-CV-4678 (JG) (LB) ("*Gamez I*"); *Gamez v. State of New York*, No. 11-CV-4679 (JG) (LB) ("*Gamez II*"); *Gamez v. State of New York*, No. 11-CV-4681 (JG) (LB) ("*Gamez III*"); *Gamez v. State of New York*, No. 11-CV-5435 (JG) (LB) ("*Gamez IV*"); *Gamez v. Court Room Part 41*, No. 11-CV-5436 (JG) (LB) ("*Gamez V*"); *Gamez v. State of NY*, No. 11-CV-5437 ("*Gamez VI*"); *Gamez v. State of NY*, No. 11-CV-5438 (JG) (LB) ("*Gamez VII*"); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-5439 (JG) (LB) ("*Gamez VIII*"); *Gamez v. Court Room Part 41*, No. 11-CV-6126 (JG) (LB) ("*Gamez IX*"); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-6127 (JG) (LB) ("*Gamez X*"); *Gamez v. NY*, No. 11-CV-6129 (JG) (LB) ("*Gamez XI*"); *Gamez v. NYS Probation Dept*, No. 11-CV-6130 (JG) (LB) ("*Gamez XII*"); *Gamez v. Saunderson*, No. 11-CV-6131 (JG) (LB) ("*Gamez XIII*"); and *Gamez v. N.Y. Probation Office*, No. 11-CV-6134 (JG) (LB) ("*Gamez XIV*"). Any of Gamez's requests for *in forma pauperis* status in other pending actions will be addressed in separate orders.

BACKGROUND

A.   *Procedural History*

Including the actions consolidated for purposes of this Order, Gamez has now commenced at least 38 actions in this Court, most of which have been dismissed as frivolous or duplicative.[2] Recently, Gamez was ordered to show cause why he should not be enjoined from filing any future actions in this district without the Court's permission. *See* Memorandum & Order To Show Cause, *Gamez v. The White Satan*, No. 11-CV-6128 (BMC) (LB) (E.D.N.Y.

---

[2]   *See Gamez v. Court Room 41*, No. 10-CV-5414 (JG) (LB) (pending § 1983 against Rikers Island Correctional Facility guards); *Gamez v. New York*, No. 11-CV-1918 (JG) (LB) (dismissed by order dated May 4, 2011, as duplicative and frivolous); *Gamez v. State of New York*, No. 11-CV-1921 (JG) (LB) (dismissed by order dated May 4, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-2760 (JG) (LB) (dismissed by order dated July 25, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-2829 (JG) (LB) (dismissed by order dated July 25, 2011, as frivolous); *Gamez v. State of New York*, No. 11-CV-3374 (BMC) (LB) (dismissed by order dated July 18, 2011, for failure to state a claim and as frivolous); *Gamez v. U.S. District Court*, No. 11-CV-4068 (KAM) (dismissed by order dated September 6, 2011, for failure to state a claim and as frivolous); *Gamez v. State of N.Y.*, No. 11-CV-4069 (JG) (LB) (dismissed by order dated August 26, 2011, for failure to state a claim and as frivolous); *Gamez v. State of New York*, No. 11-CV-4070 (JG) (LB) (dismissed by order dated August 26, 2011, for failure to state a claim and as frivolous); *Gamez v. State of New York*, No. 11-CV-4316 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-4317 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4318 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4319 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-4320 (JG) (LB) (dismissed by order dated December 27, 2011, as frivolous and duplicative); *Gamez v. State & Municipality of N.Y.*, No. 11-CV-4457 (JG) (LB) (dismissed by order dated December 29, 2011, as frivolous and duplicative); *Gamez v. Court Room Part 41*, No. 11-CV-4458 (JG) (LB) (dismissed by order dated December 29, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4459 (JG) (LB) (dismissed by order dated December 29, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4460 (JG) (LB) (dismissed by order dated December 29, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4461 (JG) (LB) (dismissed by order dated December 29, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4462 (JG) (LB) (dismissed by order dated December 29, 2011, as frivolous and duplicative); *Gamez v. State of New York*, No. 11-CV-4463 (JG) (LB) (dismissed by order dated December 29, 2011, as frivolous and duplicative); *Gamez v. The White Satan*, No. 11-CV-6128 (BMC) (LB) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous); *Gamez v. State of New York*, No. 11-CV-6132 (BMC) (JMA) (dismissed by order dated Dec. 22, 2011, for failure to state a claim and as frivolous); *Gamez v. U.S. District Courts Eastern & Southern Districts of N.Y.*, No. 11-CV-6274 (BMC) (LB) (filed December 16, 2011); *Gamez v. State of NY*, No. 11-CV-6275 (JG) (LB) (filed December 16, 2011).

Dec. 22, 2011); Memorandum & Order To Show Cause, *Gamez v. State of New York*, No. 11-CV-6132 (BMC) (JMA) (E.D.N.Y. Dec. 22, 2011).

B.  *The Present Complaints*

The 14 complaints addressed in this Order contain virtually the same allegations Gamez has presented in his numerous other actions. The allegations in these complaints include:

- Rampant smoking, drug use and gambling took place at Rikers Island Correctional Facility. *See, e.g.*, Compl. 1, *Gamez IV*; Compl. ¶ 2, *Gamez V*; Compl. 2–3, *Gamez VI*; Compl. 1, *Gamez VIII*; Compl. 2–3, *Gamez VIII*; Compl. ¶ 2, *Gamez IX*; Compl. ¶ II, *Gamez X*.

- Theft of Gamez's property by police. *See, e.g.*, Compl. ¶ 4a, *Gamez III*; Compl. ¶ 1, *Gamez V*; Compl. ¶ 1, *Gamez IX*.

- Retaliation by prison guards for Gamez's filing of lawsuits. *See, e.g.*, Compl. ¶¶ 3, 6, *Gamez V*; Compl. 3–4, *Gamez VI*; Compl. 3, *Gamez VIII*; Compl. ¶¶ 3, 6, *Gamez IX*; Compl. ¶ IV, *Gamez X*; Compl. 3, *Gamez XI*; Compl. 1, *Gamez XIII*.

- A broad governmental conspiracy to deprive Gamez of his civil rights, including acts or attempted acts of stalking, poisoning, theft, lynching and genocide. *See, e.g.*, Compl. 2–3, ¶¶ 4–26, *Gamez II*; Compl. 3–4, *Gamez VII*; Compl. 2, 4, *Gamez VIII*; Compl. ¶¶ VI–VII, *Gamez X*. The incidents alleged in connection with this purported conspiracy include someone trying to sell marijuana to Gamez, Compl. 4, *Gamez II*, someone sitting next to him at an "internet shop" when other seats were available, *id.* at 4–5, an individual in a U.S. Army uniform arguing with Gamez because he had not saved his spot on line at a post office, *id.* at 8, a police officer questioning Gamez's right to play the piano at a fast-food restaurant (and then leaving after being told Gamez had permission from the manager), *id.*, an unidentified "white male" offering him some money, *id.* at 10, almost being hit by speeding police cars, Compl. ¶ 6, *Gamez III*, the police "illegally search[ing]" his criminal record and discovering an outstanding arrest warrant, *id.* ¶ 7, someone "offering [him] a piece of pizza, that had garlic on it," *id.* ¶ 19, and a confrontation with a "Private Actor" named Hugh who had asked Gamez to be his sparring partner, Compl. 3, *Gamez VII*.

- A group of marshals told Gamez that he had sent a white powder to the White House, and that this was being investigated by the Secret Service and police. Compl. 1, *Gamez IV*.

3

- Attempts by the LAPD to "drag [Gamez] into a pedophile frame up." Compl. 1, *Gamez I*. These allegations are based on two incidents in which boys stood close to or next to Gamez and a third incident in which two boys entered a restaurant bathroom that Gamez had been using before he was able to leave. *See id.*

- Conflicts and disagreements with his probation officers over the conditions of his probation. *See, e.g.*, Compl. 4, 7–8, *Gamez XI*; Compl. 3, *Gamez XII*; Compl. 2, *Gamez XIII*; Compl. ¶¶ 1–4, *Gamez XIV*.

## DISCUSSION

A. *Standard of Review*

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." However, a court must construe a *pro se* litigant's pleadings liberally, *see Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010), especially when those pleadings allege civil rights violations, *Sealed Plaintiff v. Sealed Defendant #1*, 537 F.3d 185, 191–93 (2d Cir. 2008). A *pro se* complaint should not be dismissed without granting the plaintiff leave to amend "at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999) (per curiam) (internal quotation marks and citation omitted).

Although courts must read *pro se* complaints with "special solicitude," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 475 (2d Cir. 2006) (per curiam) (internal quotation marks and citation omitted), and interpret them "to raise the strongest arguments that they suggest," *id.* at 476 (internal quotation marks and citation omitted), the complaint must plead

4

enough facts to "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). While "'detailed factual allegations'" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (quoting *Twombly*, 550 U.S. at 555). Similarly, a complaint is insufficient to state a claim "if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Twombly*, 550 U.S. at 557) (alteration in original).

B.   *Analysis*

In *Denton v. Hernandez*, 504 U.S. 25 (1992), the Supreme Court held that a court may dismiss an *in forma pauperis* claim as factually frivolous if the facts alleged are clearly baseless. *See id.* at 31–33. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Id.* at 33. The term "frivolous" embraces "not only the inarguable legal conclusion, but also the fanciful factual allegation." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

In the instant actions, Gamez once again alleges an elaborate conspiracy to deprive him of various constitutional rights. The bulk of Gamez's allegations, even under the very liberal standard applied to *pro se* pleadings, qualify as frivolous. *See Denton*, 504 U.S. at 33. The seemingly random and unconnected encounters with various unidentified persons that Gamez describes do not rationally support his claim of a conspiracy involving federal, state and

5

local governments. Nor does the presence of young boys in Gamez's vicinity rationally support a claim that police are trying to frame Gamez for acts of pedophilia. Since the complaints are devoid of any basis in law or fact, defects which cannot be cured by amendment, the complaints must be dismissed.[3]

Moreover, as previously noted, the allegations in the instant complaints are largely duplicative of Gamez's prior complaints. To the extent Gamez has asserted any non-frivolous allegations, they are duplicative of those asserted in other pending or dismissed actions. Accordingly, his complaints are dismissed as duplicative. *See Curtis v. Citibank, N.A.*, 226 F.3d 133, 139 (2d Cir. 2000) ("[P]laintiffs have no right to maintain two actions on the same subject in the same court, against the same defendant at the same time."); *see also, e.g.*, *Gamez v. Court Room Part 41*, No. 10-CV-5414 (JG), 2011 WL 1698779 (E.D.N.Y. May 4, 2011) (dismissing some of Gamez's claims while permitting other claims to proceed); *cf. Flaherty v. Lang*, 199 F.3d 607, 612 (2d Cir. 1999) (under the doctrine of *res judicata,* a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action).

---

[3] Some of Gamez's allegations may not rise to the level of frivolity, but they still do not come close to stating a plausible claim. For example, even liberally construing Gamez's repeated allegations pertaining to his probation officers, the facts alleged – their unprofessional behavior, refusal to allow him to travel, and a suggestion that he could travel without telling them – do not amount to a cognizable constitutional claim. *See Iqbal*, 129 S. Ct. at 1949 (2009) (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"); *see also, e.g.*, *Weiss v. Inc. Vill. of Sag Harbor*, 762 F. Supp. 2d 560, 568 (E.D.N.Y. 2011) (to state a cognizable § 1983 claim plaintiff must allege a deprivation of a right guaranteed by the U.S. Constitution). Similarly, Gamez fails to allege why it was illegal for police to review his criminal records and determine there was an outstanding warrant for Gamez's arrest. *See Boroian v. Mueller*, 616 F.3d 60, 67 (1st Cir. 2010) ("[T]he government's matching of a lawfully obtained identification record against other records in its lawful possession does not infringe on an individual's legitimate expectation of privacy."); *Willan v. Columbia Cnty.*, 280 F.3d 1160, 1162 (7th Cir. 2002); *cf. Doe v. City of New York*, 15 F.3d 264, 268 (2nd Cir. 1994) ("[T]here is no question that an individual cannot expect to have a constitutionally protected privacy interest in matters of public record.").

CONCLUSION

For the reasons above, the complaints in these actions are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

So ordered.

John Gleeson, U.S.D.J.

Dated: December 30, 2011
      Brooklyn, New York